NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KEONDRA TYRIEK MEUSE,                )
                                     )
            Appellant,               )
                                     )
v.                                   )      Case No. 2D18-659
                                     )
STATE OF FLORIDA,                    )
                                     )
            Appellee.                )
_____     )

Opinion filed September 20, 2019.

Appeal from the Circuit Court for Polk
County; Mark E. Carpanini, Judge.

Howard L. Dimmig, II, Public Defender,
and Rachel Roebuck and Maureen E.
Surber, Assistant Public Defenders,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

            We affirm, without comment, Keondra Meuse's judgment and sentences.

However, we reverse the final judgment of restitution and remand for further

proceedings.

Meuse complains that the restitution hearing was conducted in his absence. At the hearing, defense counsel advised the trial court that he did not know if Meuse waived his presence, and he posited that a restitution hearing was not a critical stage of the proceedings. This was incorrect; a defendant has the constitutional right to be present at a restitution hearing. M.W.G. v. State, 945 So. 2d 597, 599–600 (Fla. 2d DCA 2006) (citing Coney v. State, 653 So. 2d 1009, 1013 (Fla. 1995)). Although this right may be waived through counsel, the court must determine that the waiver is knowing, intelligent, and voluntary. Id. at 600. That did not happen here, and the State concedes error on this point. Accordingly, we reverse the final judgment of restitution and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.